# EXHIBIT A

ANTHONY L. LABEL (SBN 205920)
THEO EMISON (SBN 209183)
STEVEN A. KRONENBERG (SBN 215541)
**THE VEEN FIRM, LLP**
20 Haight Street
San Francisco, California 94102
Tel: (415) 673-4800
Fax: (415) 771-5845
al.team@veenfirm.com

SHOUNAK S. DHARAP (SBN 311557) (ssd@arnslaw.com)
ROBERT C. FOSS (SBN (SBN 275489) (rcf@arnslaw.com)
KATHERINE A. RABAGO (SBN 333374) (kar@arnslaw.com
**ARNS DAVIS LAW**
515 Folsom St., 3rd Floor
San Francisco, CA 94109
Tel: (415) 495-7800
Fax: (415) 495-7888

ATTORNEYS FOR PLAINTIFFS

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**05/02/2024**
**Clerk of the Court**
BY: SHENEQUA GLADNEY
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**          **CGC-24-614359**

| | |
|---|---|
| VALERIE RASKIN; and,<br>NEIL RASKIN,<br><br>          Plaintiffs,<br><br>          v.<br><br>BAUSCH & LOMB, INC.;<br>WALGREENS;<br>WALGREENS BOOTS ALLIANCE, INC., and;<br>DOES 1 – 100, inclusive,<br><br>          Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiffs Valerie Raskin and Dr. Neil Raskin bring this action against Defendants Bausch & Lomb; Walgreens; Walgreens Boots Alliance, Inc.; and Does 1 through 100. Plaintiffs allege, upon information and belief, the investigation of counsel, and the facts that are a matter of public record, as follows:

**JURISDICTION AND VENUE**

1.       Jurisdiction and venue are proper in this Court because, *inter alia*, Plaintiff Valerie Raskin

**THE VEEN FIRM LLP**
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel : (415) 673-4800
www.veenfirm.com

-1-

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1   purchased PreserVision from a Walgreens in San Francisco County.

2                                    **PARTIES**

3   2.      Plaintiff Valerie Raskin is a resident of San Francisco County, California. She purchased

4   and consumed PreserVision AREDS 2 ("PreserVision"), a product manufactured, distributed,

5   and/or sold by Defendants, in San Francisco County. Mrs. Raskin suffered serious, disabling, and

6   permanent side effects from PreserVision that have greatly impacted her quality of life and ability

7   to function independently. At no time did any Defendant ever warn Mrs. Raskin of the serious and

8   disabling potential side effects associated with PreserVision.

9   3.      Plaintiff Neil Raskin is a resident of San Francisco County, California. Mr. and Mrs. Raskin

10  are, and at all relevant times have been, husband and wife. Mr. Raskin suffered a loss of consortium

11  resulting from Mrs. Raskin's injuries related to her consumption of PreserVision.

12  4.      Defendant BAUSCH & LOMB, INC. ("B&L") is a New York corporation with its principal

13  place of business in Rochester, New York. B&L is the manufacturer of PreserVision, and it markets

14  and sells its product in California.

15  5.      Defendants WALGREENS and WALGREENS BOOTS ALLIANCE, INC. (collectively

16  and individually, "WALGREENS") are Delaware corporations with their principal place of

17  business in Deerfield, Illinois. WALGREENS sells PreserVision and Plaintiff Mrs. Raskin

18  purchased PreserVision from WALGREENS stores in California.

19  6.      Plaintiffs are unaware of the true names and capacities of the defendants sued herein as

20  DOES 1 – 100, inclusive, and therefore sue those Defendants by such fictitious names pursuant to

21  Code of Civil Procedure Section 474. Plaintiffs will amend this Complaint to allege their true

22  names, capacities and/or basis for liability when ascertained.

23  7.      Reference to "DEFENDANT" or "DEFENDANTS" shall refer individually and

24  collectively to each and every specifically and fictitiously named defendant.

25  8.      At all relevant times, each and every DEFENDANT was the actual or ostensible agent, joint

26  venturer, partner, and/or employee of each of the other remaining DEFENDANTS, and in doing

27  the things alleged in this complaint, was acting within the course and scope of that agency, joint

28  venture, partnership, and/or employment. To the extent certain acts and/or omissions were

THE VEEN FIRM LLP
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-2-

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

perpetrated by certain DEFENDANTS, each and every other DEFENDANT authorized, consented to, confirmed, controlled and/or ratified each and every such act and/or omission.

9.      Each and every DEFENDANT is responsible, strictly, negligently, recklessly, carelessly, intentionally, or in some other actionable manner, for the events and happenings referred to herein. Each plaintiff's injuries, harms and damages were directly and proximately caused by each and every DEFENDANT. Plaintiffs are entitled to the relief requested herein against each and every DEFENDANT.

## FACTUAL ALLEGATIONS

10.      B&L originally introduced PreserVision to the market in 2010. PreserVision is a nutritional supplement that contains vitamins and high dose levels of zinc. It is intended to prevent and/or slow the progression of age-related macular degeneration.

11.      By design, a daily dose of PreserVision contains 80mg of zinc. The Recommended Dietary Allowance for zinc is 8mg per day for women. PreserVision's daily dose of 80mg is over 700% of the Recommended Dietary Allowance.

12.      Zinc plays a crucial role in the human immune system, as well as in protein synthesis and wound healing. It is highly concentrated in the eye, suggesting that zinc plays a crucial role in eye health—hence its inclusion in PreserVision. Zinc is absorbed in the small intestine, via a protein called metallothionein, which binds various heavy metals and helps regulate their level in the body.

13.      Copper also binds to metallothionein. Copper plays a critical role in various neurological processes and is necessary for neurotransmitter synthesis (and brain function), as well as the formation and maintenance of myelin—the protective coating that sheathes nerve fibers and ensures electrical signals are properly conducted along the nerves.

14.      When zinc intake is high, the body responds by increasing production of metallothionein. This is so that the metallothionein can bind to the zinc, allowing it to be stored in a non-toxic form that is ready to be utilized wherever needed.

15.      However, metallothionein has a higher binding affinity to copper than zinc, which means it more readily binds to copper than it does to zinc. So, when the high zinc intake triggers the creation of more metallothionein, that metallothionein more readily binds to copper, and in greater amounts.

THE VEEN FIRM LLP
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-3-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Once bound to copper, metallothionein keeps the copper in "storage" within the intestinal cells, rather than allowing it to be absorbed into the bloodstream, thus reducing the amount of bioavailable copper in the body. When the intestinal cells are shed through normal metabolic processes, the copper is shed as well, leading to an overall copper deficiency.

16.     This problem can only be fixed by decreasing zinc levels to prevent the creation of excess metallothionein. Because of metallothionein's higher binding affinity to copper, even an increase in copper through supplementation does not remedy the situation, as the increased amount of metallothionein triggered by the zinc intake continues to preferentially bind to the copper.

17.     As B&L knew or should have known, and as was known within the scientific community, at all relevant times: (i) excess supplementation with zinc was known to cause copper deficiency; (ii) copper deficiency was known to cause copper deficiency myelopathy, a potentially debilitating neurological syndrome clinically characterized by signs and symptoms related to posterior column dysfunction, gait imbalance, peripheral neuropathy, sensory ataxia, and progressive numbness in the extremities, among other disabling signs and symptoms; and (iii) excess zinc consumption was known to be one of the leading causes of copper deficiency myelopathy.

18.     In an apparent effort to reduce the risk of copper deficiency and associated copper deficiency myelopathy due to the high levels of zinc in PreserVision, in 2013 B&L changed the PreserVision formula to include 2mg of copper in PreserVision's daily dose. Unfortunately, an increase in oral copper intake is ineffective in restoring the appropriate zinc-copper balance in the presence of excess oral consumption of zinc. It follows that an increase in oral copper intake is also ineffective in preventing the development of copper deficiency myelopathy and its associated array of debilitating symptoms.

19.     Though B&L knew or should have known of the risks associated with consumption of excess zinc, B&L failed to disclose any risks associated with excess zinc consumption to Mrs. Raskin or other consumers. B&L does nothing to warn consumers about the PreserVision risks on its website, on the PreserVision packaging or labels, or anywhere else. Specifically, and without limitation, B&L failed to provide any warning to Mrs. Raskin or other consumers that:

- The Recommended Dietary Allowance of zinc for women is 8mg per day.

THE VEEN FIRM LLP
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-4-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

- PreserVision contains more than 700% of the Recommended Dietary Allowance for zinc.
- Excess zinc consumption can cause copper deficiency and copper deficiency myelopathy.
- Excess zinc consumption is the leading cause of copper deficiency myelopathy.
- Copper deficiency myelopathy can have debilitating, disabling, life-altering and permanent effects.

20.   To the contrary, B&L promotes only the potential positive effects of high dose zinc. A page on B&L's website titled "Ingredients Matter," promotes the benefits of high dose zinc:



21.   Mrs. Raskin began purchasing and taking PreserVision in July 2018. Mrs. Raskin would typically purchase the PreserVision at a Walgreens store in San Francisco. As recommended by B&L, Mrs. Raskin took 2 capsules daily, one in the morning and one at night, consuming the full 80mg dose of zinc seven days a week. Mrs. Raskin continued to consume 2 PreserVision capsules daily well into the year 2022, a period of almost four years.

22.   As a result of a severe copper deficiency caused by excess zinc consumption associated with PreserVision, Mrs. Raskin developed copper deficiency myelopathy. Her symptoms began in or about the summer of 2021 and were progressive, severe, and disabling. Her progressive symptoms included and continue to include, without limitation: gait ataxia (a disorder that affects the ability to coordinate movements needed for normal walking resulting in poor balance, unsteady walking, clumsiness, and falls), distal weakness in her arms, proximal weakness in her legs, numbness in her extremities and buttocks, and sensory deficits in her abdomen.

23.   On May 23, 2022, Mrs. Raskin's treating neurologist at UCSF noted in her medical record that the cause of her copper deficiency myelopathy and all its associated symptoms was excess zinc consumption from the PreserVision supplement Mrs. Raskin was taking to prevent macular degeneration. Mrs. Raskin did not suspect, nor would a reasonable person have suspected, that her

THE VEEN FIRM LLP
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-5-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

condition was caused by PreserVision and/or the tortious nature of B&L's and WALGREENS' conduct until less than two years before the filing of this complaint.

24.     As a direct and proximate result of DEFENDANTS' designing, manufacturing, selling and/or failing to warn of the dangers of an unsafe product, negligence, carelessness, and/or recklessness, Mrs. Raskin suffered serious bodily conditions and injuries, including copper deficiency, as well as copper deficiency myelopathy and all its associated debilitating symptoms described above, all of which has required extensive medical and other related care and will necessitate a lifetime of future medical and other related care.

25.     As a further direct and proximate result of DEFENDANTS' designing, manufacturing, selling and/or failing to warn of the dangers of an unsafe product, negligence, carelessness, and/or recklessness, Mrs. Raskin has incurred and will to continue to incur all past and future economic damages allowed by law in amounts according to proof at trial, including but not limited to past and future medical, therapeutic, and other necessary care and other expenses, past and future lost earnings, lost earning capacity, and past and future loss of ability to provide household services.

26.     As a further direct and proximate result of DEFENDANTS' designing, manufacturing, selling and/or failing to warn of the dangers of an unsafe product, negligence, carelessness, and/or recklessness, Mrs. Raskin has incurred and will continue to incur all past and future non-economic damages allowed by law in amounts according to proof at trial, including but not limited to past and future physical pain and suffering, mental anguish and emotional distress, frustration, annoyance, anger, fear, worry, embarrassment, discomfort, and loss of enjoyment of life.

27.     As a further direct and proximate result of DEFENDANTS' designing, manufacturing, selling and/or failing to warn of the dangers of an unsafe product, negligence, carelessness, and/or recklessness, Mr. Raskin suffered and will suffer the past and future loss of his spouse's support, services, companionship, love, affection, society, solace, moral support, physical assistance in the operation and maintenance of their home, and all other elements of consortium, all to his damage in a sum within the jurisdiction of this Court and to be shown according to proof at trial.

/ / /

/ / /

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

THE VEEN FIRM LLP
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

## FIRST CAUSE OF ACTION

### Negligence

### Against All DEFENDANTS

28.    Plaintiffs refer to, incorporate, and re-allege by this reference the preceding paragraphs of this Complaint as though set forth here in their entirety.

29.    DEFENDANTS' acts and omissions were negligent.

30.    Both Plaintiffs were harmed.

31.    DEFENDANTS' conduct was a substantial factor in causing each Plaintiff's harm.

## SECOND CAUSE OF ACTION

### Strict Products Liability: Design Defect, Manufacturing Defect, and/or Failure to Warn

### Against All DEFENDANTS

32.    Plaintiffs refer to, incorporate, and re-allege by this reference the preceding paragraphs of this Complaint as though set forth here in their entirety.

33.    At all relevant times, DEFENDANTS designed, manufactured, distributed, and/or sold PreserVision.

34.    PreserVision harmed Mrs. Raskin. The harm PreserVision caused to Mrs. Raskin in turn harmed Mr. Raskin.

35.    Mrs. Raskin used PreserVision in the way DEFENDANTS intended it to be used. Specifically, as recommended by DEFENDANTS, Mrs. Raskin took two PreserVision pills daily.

36.    PreserVision did not perform as safely as an ordinary consumer would have expected it to perform when used in an intended way.

37.    PreserVision did not perform as safely as Mrs. Raskin expected it to perform when used in the way DEFENDANTS intended it to be used.

38.    PreserVision's design was a substantial factor in causing harm to both Mrs. and Mr. Raskin.

39.    PreserVision had potential risks and side effects that were, at all relevant times, known or knowable by DEFENDANTS considering the scientific and medical knowledge that was generally accepted in the scientific community at the time DEFENDANTS designed, manufactured, distributed, and/or sold PreserVision.

THE VEEN FIRM LLP
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-7-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

40.     PreserVision's potential risks and side effects included copper deficiency, copper deficiency myelopathy, and all the debilitating neurological and other conditions and symptoms associated with copper deficiency and copper deficiency myelopathy. PreserVision's potential risks and side effects presented a substantial danger when PreserVision is used in an intended way.

41.     Ordinary consumers would not have recognized the potential risks and side effects. Mrs. Raskin did not recognize the potential risks and side effects.

42.     DEFENDANTS failed to provide any warnings, much less adequate warnings, of PreserVision's potential side effects.

43.     PreserVision's failure to perform safely was a substantial factor in causing both Mrs. and Mr. Raskin's respective harms.

44.     PreserVision's design was a substantial factor in causing both Mrs. and Mr. Raskin's respective harms.

45.     DEFENDANTS' failure to provide warnings, much less adequate warnings, was a substantial factor in causing both Mrs. and Mr. Raskin's respective harms.

### THIRD CAUSE OF ACTION

**Negligent Products Liability: Design Defect, Manufacturing Defect, and Failure to Warn Against All Defendants**

46.     Plaintiffs refer to, incorporate, and re-allege by this reference the preceding paragraphs of this Complaint as though set forth here in their entirety.

47.     At all relevant times, DEFENDANTS designed, manufactured, distributed, and/or sold PreserVision.

48.     DEFENDANTS knew or should have known about the likelihood and severity of potential harm that the excess zinc consumption associated with PreserVision could cause.

49.     DEFENDANTS failed to use the amount of care in designing, manufacturing, supplying and/or selling PreserVision that a reasonably careful designer, manufacturer, supplier, or seller would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

50.     DEFENDANTS knew or should have known that PreserVision was dangerous or was likely to be dangerous when used in an intended way.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

51.     DEFENDANTS knew or should have known that users of PreserVision would not realize or recognize that danger.

52.     DEFENDANTS failed to provide any warnings, much less adequate warnings, of PreserVision's potential side effects and harm.

53.     A reasonably careful designer, manufacturer, supplier, or seller under the same or similar circumstances would have warned of the dangers associated with excess zinc consumption.

54.     Both Plaintiffs were harmed.

55.     DEFENDANTS' negligence and failure to warn was a substantial factor in causing each Plaintiff's respective harms.

## **FOURTH CAUSE OF ACTION**

### **Loss of Consortium**

### **Against All Defendants**

56.     Plaintiffs refer to, incorporate, and re-allege by this reference the preceding paragraphs of this Complaint as though set forth here in their entirety.

57.     As a direct and proximate result of DEFENDANTS' designing, manufacturing, selling and/or failing to warn of the dangers of an unsafe product, negligence, carelessness, and/or recklessness, Mr. Raskin suffered and will suffer the past and future loss of his spouse's support, services, companionship, love, affection, society, solace, moral support, physical assistance in the operation and maintenance of their home, and all other elements of consortium, all to his damage in a sum within the jurisdiction of this Court and to be shown according to proof at trial.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

THE VEEN FIRM LLP
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel: (415) 673-4800
www.veenfirm.com

-9-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1

**PRAYER FOR RELIEF**

2          WHEREFORE, Plaintiffs pray for judgment against DEFENDANTS as follows:

3   A.          For past and future general damages according to proof against all DEFENDANTS;

4   B.          For past and future special damages according to proof against all DEFENDANTS;

5   C.          For loss of consortium damages according to proof against all DEFENDANTS;

6   D.          For costs of suit against all DEFENDANTS;

7   E.          For pre-judgment and post-judgment interest; and

8   F.          For such other and further relief as this Court may deem just and proper.

9   DATED:  May 1, 2024                    THE VEEN FIRM, LLP

10

11                                    By:  _____

12                                         Theo Emison
                                           Attorneys for Plaintiffs
13

14                               **DEMAND FOR JURY TRIAL**

15          Plaintiffs demand a trial by jury on their cause of action against DEFENDANTS.

16   DATED:  May 1, 2024                    THE VEEN FIRM, LLP

17

18                                    By:  _____

19                                         Theo Emison
                                           Attorneys for Plaintiffs
20

21

22

23

24

25

26

27

28

THE VEEN FIRM LLP
20 HAIGHT STREET
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

-10-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Anthony L. Label/Theo Emison     SBN: 205920/209183<br>The Veen Firm, LLP<br>20 Haight Street, San Francisco, CA 94102<br>TELEPHONE NO.: (415) 673-4800     FAX NO.: (415) 771-5845<br>EMAIL ADDRESS: al.team@veenfirm.com<br>ATTORNEY FOR *(Name):* Valerie Raskin and Neil Raskin | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**05/02/2024**<br>**Clerk of the Court**<br>BY: SHENEQUA GLADNEY<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, 94102-4515
BRANCH NAME: Civic Center Courthouse

CASE NAME: Raskin v. Bausch & Lomb, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **CGC-24-614359** |
|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $35,000)   [ ] Limited<br>(Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [X] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 2, 2024

Anthony L. Label/Theo Emison
(TYPE OR PRINT NAME)                                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                   **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner
  Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic
  relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

Westlaw Doc & Form Builder®

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| ANTHONY L. LABEL (SBN 205920);THEO EMISON (SBN 209183); STEVEN A. KRONENBERG (SBN 215541)<br>THE VEEN FIRM, LLP<br>20 Haight Street<br>San Francisco, California 94102<br>Tel: (415) 673-4800<br>Fax: (415) 771-5845<br>al.team@veenfirm.com | ELECTRONICALLY<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**07/10/2024**<br>**Clerk of the Court**<br>BY: YOLANDA TABO<br>Deputy Clerk |

TELEPHONE NO.: (415) 673-4800 | FAX NO. | E-MAIL ADDRESS t.emison@VeenFirm.com

ATTORNEY FOR *(Name):* Plaintiffs: VALERIE RASKIN, et al.

**Superior Court of California, County of San Francisco**

STREET ADDRESS: 400 McAllister Street Rm 103

CITY AND ZIP CODE: San Francisco, CA 94102

BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: VALERIE RASKIN, et al.<br>DEFENDANT/RESPONDENT: BAUSCH & LOMB, INC., et al. | CASE NUMBER:<br>CGC-24-614359 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Raskin 5062 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ other *(specify documents):* **NOTICE TO PLAINTIFF; NOTICE OF POSTING JURY FEES**

3. a. Party served *(specify name of party as shown on documents served):*
   **BAUSCH & LOMB, INC.**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **United Agent Group Inc., Registered Agent by serving Jennifer Lee - Admin Assistant & Authorized Agent**
   **Age: 35 | Weight: 200 Lbs. | Hair: Black | Sex: Female | Height: 5'5" | Eyes: Brown | Race: Asian**

4. Address where the party was served: **7801 Folsom Blvd Ste 202**
   **Sacramento, CA 95826-2620**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **7/10/2024**    (2) at *(time):* **12:24 PM**

   b. ☐ **by substituted service.** On *(date):*   at  *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*   from *(city):*   **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/SF214237** |
|---|---|---|

| PETITIONER: VALERIE RASKIN, et al. | CASE NUMBER: |
| RESPONDENT: BAUSCH & LOMB, INC., et al. | CGC-24-614359 |

c. ☐ **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                               (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of **BAUSCH & LOMB, INC.**

   under the following Code of Civil Procedure section:

   ☑ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                               ☐ other:

7. **Person who served papers**

  a. Name:  **Michael Barber - Nationwide Legal, LLC REG: 12-234648**

  b. Address:  **1625 Clay Street 4th Floor  Oakland, CA 94612**

  c. Telephone number:  **(510) 444-4690**

  d. **The fee** for service was: **$ .00**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:

      (i) ☐ owner  ☐ employee   ☐ independent contractor.

      (ii) Registration No.: **2022-028**

      (iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **7/10/2024**

**Nationwide Legal, LLC**
**1625 Clay Street 4th Floor**
**Oakland, CA 94612**
**(510) 444-4690**
**www.nationwideasap.com**

_____
**Michael Barber**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(signature)*

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*:<br>ANTHONY L. LABEL (SBN 205920)<br>THEO EMISON (SBN 209183)<br>STEVEN A. KRONENBERG (SBN 215541)<br>THE VEEN FIRM, LLP<br>20 Haight Street, San Francisco, California 94102<br>Tel: (415) 673-4800<br>Fax: (415) 771-5845<br>al.team@veenfirm.com<br>ATTORNEY FOR *(Name)*: Plaintiffs: VALERIE RASKIN, et al. | *FOR COURT USE ONLY* |

**Superior Court of California, County of San Francisco**

STREET ADDRESS: 400 McAllister Street

CITY AND ZIP CODE: San Francisco, CA 94102

BRANCH NAME:

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**07/22/2024**
**Clerk of the Court**
BY: YOLANDA TABO
**Deputy Clerk**

PLAINTIFF/PETITIONER: VALERIE RASKIN, et al.

DEFENDANT/RESPONDENT: BAUSCH & LOMB, INC., et al.

CASE NUMBER:

CGC-24-614359

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Raskin 5062 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet
   e. ☐ Cross-Complaint
   f. ☑ other *(specify documents)*: **NOTICE TO PLAINTIFF; NOTICE OF POSTING JURY FEES**

3. a. Party served *(specify name of party as shown on documents served)*:
   **WALGREENS**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **CSC-Lawyers Incorporating Service, Registered Agent by serving Rebecca Vang - Customer Service Liaison & Authorized Agent**
   **Age: 36-40 | Weight: 121-140 Lbs | Hair: Brown | Sex: Female | Height: 5'1 - 5'6 | Eyes: Brown | Race: Asian**

4. Address where the party was served: **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **7/10/2024**   (2) at *(time)*: **8:48 AM**

   b. ☐ **by substituted service.** On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:   from *(city)*:   **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

**POS010-1/SF214241**

PETITIONER: **VALERIE RASKIN**, et al.

RESPONDENT: **BAUSCH & LOMB, INC.**, et al.

CASE NUMBER:
**CGC-24-614359**

c. ☐ **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                              (2) from  *(city):*

(3) ☐ with two copies of the  *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of  *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of **WALGREENS**

under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name:  **D'Angelo Emiliano Contreras - Nationwide Legal, LLC REG: 12-234648**
b. Address:  **1625 Clay Street 4th Floor  Oakland, CA 94612**
c. Telephone number:  **(510) 444-4690**
d. **The fee** for service was: **$ .00**
e. I am:

(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☑ registered California process server:
    (i) ☐ owner  ☐ employee    ☐ independent contractor.
    (ii) Registration No.: **2022-030**
    (iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **7/11/2024**

**Nationwide Legal, LLC**
**1625 Clay Street 4th Floor**
**Oakland, CA 94612**
**(510) 444-4690**
**www.nationwideasap.com**

_____
**D'Angelo Emiliano Contreras**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| THEO EMISON \| SBN: 209183<br>THE VEEN FIRM, PC<br>20 Haight Street   San Francisco, CA 94102<br><br>TELEPHONE NO.: (415) 673-4800 \| FAX NO. \| E-MAIL ADDRESS t.emison@VeenFirm.com<br>ATTORNEY FOR *(Name)*: Plaintiffs: VALERIE RASKIN, et al. | |

**Superior Court of California, County of San Francisco**

STREET ADDRESS: 400 McAllister Street Rm 103
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

*ELECTRONICALLY*
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**07/22/2024**
Clerk of the Court
**BY: YOLANDA TABO**
*Deputy Clerk*

| PLAINTIFF/PETITIONER: VALERIE RASKIN, et al.<br>DEFENDANT/RESPONDENT: BAUSCH & LOMB, INC., et al. | CASE NUMBER:<br>CGC-24-614359 |
|---|---|

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Raskin 5062 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ Summons
   - b. ☑ Complaint
   - c. ☑ Alternative Dispute Resolution (ADR) package
   - d. ☑ Civil Case Cover Sheet
   - e. ☐ Cross-Complaint
   - f. ☑ other *(specify documents)*: **NOTICE TO PLAINTIFF; NOTICE OF POSTING JURY FEES**
3. a. Party served *(specify name of party as shown on documents served)*:
   **WALGREENS BOOTS ALLIANCE, INC.**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Illinois Corporation Service Company, Registered Agent, by serving Tonya Purnell - Agent for service**
   **Age: 59 \| Weight: 190 \| Hair: Black/Grey \| Sex: Female \| Height: 5'5" \| Eyes: Wearing Glasses \| Race: Caucasian**
4. Address where the party was served:  **801 Adlai Stevenson Dr**
   **Springfield, IL 62703-4261**
5. I served the party *(check proper box)*
   - a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: **7/10/2024**   (2) at *(time)*: **12:20 PM**
   - b. ☐ **by substituted service.** On *(date)*:  at *(time)*:  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date)*:  from *(city)*:  **or** ☐  a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/SF214244** |
|---|---|---|

PETITIONER: VALERIE RASKIN, et al.   Case 3:24-cv-04879-AMO   Document 1-1   Filed 08/08/24   Page 19 of 25

RESPONDENT: BAUSCH & LOMB, INC., et al.

CASE NUMBER:
CGC-24-614359

c. ☐ **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐  as an individual defendant.

b. ☐  as the person sued under the fictitious name of *(specify):*

c. ☐  as occupant.

d. ☑  On behalf of **WALGREENS BOOTS ALLIANCE, INC.**
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name:  **Barbara A West - Nationwide Legal, LLC REG: 12-234648**
  b. Address:  **1625 Clay Street 4th Floor  Oakland, CA 94612**
  c. Telephone number:  **(510) 444-4690**
  d. **The fee** for service was: **$ 247.00**
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ registered California process server:
      (i) ☐ owner    ☐ employee    ☐ independent contractor.
      (ii) Registration No.:  **117-001119**
      (iii) County:

8. ☑  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **7/12/2024**

**Nationwide Legal, LLC**
**1625 Clay Street 4th Floor**
**Oakland, CA 94612**
**(510) 444-4690**
**www.nationwideasap.com**

_____
**Barbara A West**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶    _Barbara A West_ _____
                            (SIGNATURE)

PAUL CALEO (SBN 153925)
pcaleo@grsm.com
EMILY GENGE (SBN 318706)
egenge@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596
Telephone: (510) 463-8600
Facsimile:  (510) 984-1721

*Attorneys for Defendants*
WALGREEN CO. *(erroneously sued as WALGREENS)* and
WALGREENS BOOTS ALLIANCE, INC.

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| VALERIE RASKIN; and, NEIL RASKIN,<br><br>Plaintiff,<br><br>v.<br><br>BAUSCH & LOMB, INC.; WALGREENS; WALGREENS BOOTS ALLIANCE, INC. and DOES 1 through 100, inclusive.<br><br>Defendants. | Case No.: CGC-24-614359<br><br>**DEFENDANTS WALGREEN CO. AND WALGREENS BOOTS ALLIANCE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Complaint Filed:   May 2, 2024<br>Trial:                    Not Assigned |

Defendants WALGREEN CO. *(erroneously sued as WALGREENS)* and WALGREENS BOOTS ALLIANCE, INC. ("Defendants") answers the Complaint ("Complaint") of Plaintiffs VALERIE RASKIN and NEIL RASKIN ("Plaintiffs") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30, Defendants hereby generally deny each, every, and all of the allegations of Plaintiffs, each cause of action therein, and the whole thereof. Further answering Plaintiffs' complaint and each cause of action therein, Defendants deny that Plaintiffs have been or will be damaged or injured in the sums alleged, or in any other sums, or at all, by reason of any conduct on the part of Defendants or Defendants' officers, agents or employees.

*Gordon Rees Scully Mansukhani, LLP*
*100 Pringle Avenue, Suite 300*
*Walnut Creek, CA 94596*

1

**Gordon Rees Scully Mansukhani, LLP**
**100 Pringle Avenue, Suite 300**
**Walnut Creek, CA 94596**

**AFFIRMATIVE DEFENSES**

In addition, Defendants assert the following separate and independent affirmative defenses and prays for judgment as set forth below. Defendants have not yet completed a thorough investigation or undertaken discovery of the facts and circumstances of the subject matter of the Complaint, and accordingly, reserves the right to amend, modify, revise or supplement this Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon further investigation and discovery.

**FIRST AFFIRMATIVE DEFENSE**

**COMPARATIVE FAULT**

As a first affirmative defense to each cause of action of the Complaint, Plaintiffs were partially, if not wholly, negligent or otherwise at fault on their own part and should be barred from recovery of that portion of the damages directly attributable to his proportionate share of the negligence or fault, pursuant to the doctrine of comparative negligence.

**SECOND AFFIRMATIVE DEFENSE**

**FAULT OF OTHERS**

As a second affirmative defense to each cause of action of the Complaint, the damages sustained by Plaintiffs, if any, were caused, in whole or in part, by the negligence or fault of others for which these Defendants are not liable or responsible.

**THIRD AFFIRMATIVE DEFENSE**

**FAIL TO STATE CAUSE OF ACTION**

As a third affirmative defense to each cause of action of the Complaint, the complaint does not state facts sufficient to constitute a cause of action against these Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

**FAILURE TO MITIGATE DAMAGES**

As a fourth affirmative defense to each cause of action of the Complaint, Plaintiffs failed to mitigate their damages.

///

///

DEFENDANTS WALGREEN CO. AND WALGREENS BOOTS ALLIANCE, INC.'S ANSWER TO
PLAINTIFFS' COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
**100 Pringle Avenue, Suite 300**
**Walnut Creek, CA 94596**

## FIFTH AFFIRMATIVE DEFENSE

## REASONABLE VALUE OF MEDICAL SERVICES

As a fifth affirmative defense to each cause of action of the Complaint, Plaintiffs' recoverable economic damages for past and future medical treatment and/or services, if any, is limited to the reasonable value of the treatment and/or services, rather than what was billed by the medical providers.

## SIXTH AFFIRMATIVE DEFENSE

## IMPROPER USE OF PRODUCT

As a sixth affirmative defense to each cause of action of the Complaint, if Plaintiffs sustained injuries attributable to the use of any product manufactured, designed and/or sold by these Defendants, which allegations are expressly denied, the injuries were caused in whole or in part by the unreasonable, unforeseeable and inappropriate purpose and/or improper use which was made of the product.

## seventh AFFIRMATIVE DEFENSE

## MISUSE AND ABUSE OF PRODUCT

As a eighth affirmative defense to each cause of action of the Complaint, the damages complained of in the Complaint were caused in whole or in part by the misuse and abuse of the product.

## EIGHTH AFFIRMATIVE DEFENSE

## MODIFICATION OF PRODUCT

As a eighth affirmative defense to each cause of action of the Complaint, the injuries and damages sustained by Plaintiffs, if any, were solely and legally caused by the modification, alteration or change of the product referred to in the complaint and said modification, alteration or change was performed by persons or entities other than these answering Defendants and without its knowledge or consent.

///

///

///

DEFENDANTS WALGREEN CO. AND WALGREENS BOOTS ALLIANCE, INC.'S ANSWER TO
PLAINTIFFS' COMPLAINT

**NINTH AFFIRMATIVE DEFENSE**

**UNKNOWN DEFENSES**

As a ninth affirmative defense to each cause of action of the Complaint, Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

**RESERVATION OF RIGHTS**

Defendants hereby give notice that it intends to rely upon any additional affirmative defenses that becomes available or apparent during discovery and thus reserve the right to amend its answer to assert such additional defenses as discovery proceeds.

**PRAYER**

WHEREFORE, Defendants pray as follows:

1.      That Plaintiffs' Complaint, and the whole thereof, be dismissed with prejudice;

2.      That Plaintiffs take nothing by reason of the Complaint;

3.      That judgment is rendered in favor of Defendants and against Plaintiffs;

4.      That Defendants be awarded its attorneys' fees and costs of suit incurred in defense of this action; and

5.      For such other relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Defendants hereby demands a trial by jury.


Dated:  August 8, 2024                    GORDON REES SCULLY MANSUKHANI, LLP


                                          By:   _____
                                                Paul Caleo
                                                Emily Genge
                                                Attorneys for Defendants
                                                WALGREEN CO. and
                                                WALGREENS BOOTS ALLIANCE, INC.

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

DEFENDANTS WALGREEN CO. AND WALGREENS BOOTS ALLIANCE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

**PROOF OF SERVICE**

*Raskin, et al.  v. Bausch & Lomb, Inc., et al.*
San Francisco Superior Court, Case No. CGC-24-614359

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani, LLP, 100 Pringle Avenue, Suite 300, Walnut Creek, CA 94596. On the date set forth below, I served the within documents:

**DEFENDANTS WALGREEN CO. AND WALGREENS BOOTS ALLIANCE, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

☐ **VIA FACSIMILE:** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ **VIA E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent by electronically mailing a true and correct copy through the Gordon Rees Scully Mansukhani, LLP electronic mail system from my email address: khernandez@grsm.com, to the email address(s) set forth herein.

☐ **VIA PERSONALLY DELIVERED:** by having nationwide personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☐ **VIA USPS:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐ **VIA FEDEX:** by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FEDEX as part of the ordinary business practices of Gordon Rees Scully Mansukhani, LLP described below, addressed as follows:

| Attorneys for Plaintiffs<br>VALERIE RASKIN and NEIL RASKIN | Co-Counsel  for Plaintiffs<br>VALERIE RASKIN and NEIL RASKIN |
|---|---|
| Anthony L. Label. Esq.<br>Theo Emison, Esq.<br>Steven A. Kronenberg, Esq.<br>**THE VEEN FIRM, LLP**<br>20 Haight Street<br>San Francisco, CA 94102<br>Tel:     (415) 673-4800<br>Fax:    (415) 771-5845<br>Email: al.team@veenfirm.com | Shounak S. Dharap, Esq.<br>Robert C. Foss, Esq.<br>Katherine A. Rabago, Esq.<br>**ARNS DAVIS LAW**<br>515 Folsom Street, 3rd Floor<br>San Francisco, CA 94109<br>Tel:     (415) 495-7800<br>Fax:    (415) 495-7888<br>Email: ssd@arnslaw.com<br>           rcf@arnslaw.com<br>           kar@arnslaw.com |

Gordon Rees Scully Mansukhani, LLP
100 Pringle Avenue, Suite 300
Walnut Creek, CA 94596

Attorneys for Defendant
BAUSCH & LOMB, INC.

Madison Hatten, Esq.
Eric Anielak, Esq.
**SHOOK HARDY & BACON**
20 Haight Street
San Francisco, CA 94102
Tel:     (415) 673-4800
Fax:     (415) 771-5845
Email: eanielak@shb.com
         mhatten@shb.com
         kbourk@shb.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 8, 2024 at Sacramento, California.

_____
Kristie Hernandez

1274363/73138329v.1

-6-
PROOF OF SERVICE