ANTHONY L. LABEL (SBN 205920)
THEO EMISON (SBN 209183)
STEVEN A. KRONENBERG (SBN 215541)
WILLIAM T. BANDETTINI (SBN 349228)
**THE VEEN FIRM LLP**
20 Haight Street
San Francisco, California 94102
Tel: (415) 673-4800; Fax: (415) 771-5845
al.team@veenfirm.com

SHOUNAK S. DHARAP (SBN 311557) (ssd@arnslaw.com)
ROBERT C. FOSS (SBN (SBN 275489) (rcf@arnslaw.com)
KATHERINE A. RABAGO (SBN 333374) (kar@arnslaw.com
**ARNS DAVIS LAW**
515 Folsom St., 3rd Floor
San Francisco, CA 94109
Tel: (415) 495-7800; Fax: (415) 495-7888

ATTORNEYS FOR PLAINTIFFS

ALICIA J. DONAHUE (SBN 117412)
adonahue@shb.com
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, California 94105
Tel: (415) 544-1900;Facsimile: (415) 391-0281

ERIC M. ANIELAK, admitted *pro hac vice*
MADISON M. HATTEN, admitted *pro hac vice*
eanielak@shb.com
mhatten@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108
Tel: (816) 474-6550; Facsimile: (816) 421-5447

ATTORNEYS FOR DEFENDANTS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| VALERIE RASKIN and NEIL RASKIN,<br><br>Plaintiffs,<br>v.<br>BAUSCH & LOMB, INC.; WALGREENS; WALGREENS BOOTS ALLIANCE, INC., and; DOES 1 – 100, inclusive,<br><br>Defendants. | CASE NO. 3:24-cv-04879-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   December 19, 2024<br>Time:   10:00 a.m.<br>Judge:  Hon. Araceli Martinez-Olguin<br>Courtroom: 10 |

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiffs VALERIE RASKIN and NEIL RASKIN ("Plaintiffs") and Defendants BAUSCH & LOMB INCORPORATED (incorrectly identified as "Bausch & Lomb, Inc."), WALGREEN CO. (incorrectly identified as "Walgreens"), and WALGREENS BOOTS ALLIANCE, INC. ("Defendants"), by and through their counsel ("The Parties"), respectfully submit this Joint Case Management Statement pursuant to Civil Local Rule 16-9.

**1. JURISDICTION AND SERVICE**

The Court has subject matter jurisdiction based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332 wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. There are currently no issues regarding personal jurisdiction or venue.

**2. FACTS**

**A. Plaintiff's Contentions**:

Plaintiff Valerie Raskin suffered serious, permanent side effects from PreserVision AREDS 2 ("PreserVision"), a nutritional supplement designed, manufactured, distributed and/or sold by Defendants Bausch & Lomb Incorporated ("Bausch + Lomb"), Walgreen, Co., and Walgreens Boots Alliance, Inc. PreserVision is intended to slow the progression of age-related macular degeneration and contains high levels of zinc. PreserVision's daily dose includes 80 mg of zinc, which is over 700% of the Recommended Dietary Allowance for Women. Excessive zinc consumption is known to cause copper deficiency, as zinc inhibits copper absorption by increasing metallothionein, a protein that binds to copper, thus preventing it from entering the bloodstream.

Defendants Bausch + Lomband Walgreens failed to disclose the risks associated with PreserVision's high zinc content. No warnings were provided on the packaging, website, or other consumer-facing materials to inform users of the potential risks. PreserVision's potential risks and side effects included copper deficiency, copper deficiency myelopathy, and all the debilitating neurological and other conditions and symptoms associated with copper deficiency and copper deficiency myelopathy. PreserVision's potential risks and side effects presented a substantial danger when PreserVision is used in an intended way.

Plaintiff Valerie Raskin began taking PreserVision in 2018 and continued until 2022. At all

times, she took the PreserVision dose recommended by B&L. As a result of prolonged intake of PreserVision, Plaintiff Valerie Raskin developed a copper deficiency that in turned caused copper deficiency myelopathy, a neurological condition marked by severe and progressive symptoms including but not limited to gait ataxia (a disorder that affects the ability to coordinate movements needed for normal walking resulting in poor balance, unsteady walking, clumsiness, and falls), distal weakness in her arms, proximal weakness in her legs, numbness in her extremities and buttocks, and sensory deficits in her abdomen. Mrs. Raskin's symptoms began in 2021 and progressively worsened. Mrs. Raskin's injuries are serious, disabling, and permanent, impacting her quality of life and requiring ongoing medical care. Additionally, Plaintiff Neil Raskin claims loss of consortium due to the impact on their relationship.

**B. Defendants' Contentions**:

1. Bausch & Lomb Incorporated ("Bausch + Lomb") manufactures and distributes PreserVision AREDS 2 Eye Vitamin and Mineral Supplement ("PreserVision AREDS 2"), a nutritional supplement intended to prevent or slow the progression of age-related macular degeneration. Defendants' position is that the PreserVision AREDS 2 formation is a safe and effective nutritional supplement that benefits its consumers, most of whom have intermediate to advanced macular degeneration and are at risk of blindness from the disease. Defendants generally deny that Plaintiffs' alleged injuries (if any exist) were caused by PreserVision AREDS 2.

The PreserVision AREDS line of products was originally developed based on clinical evidence from the National Institute of Health's National Eye Institute's Age-Related Eye Disease Study (AREDS). Bausch + Lomb updated its PreserVision formulation in 2013 by releasing PreserVision AREDS 2, which replaced beta-carotene with lutein and zeaxanthin, consistent with the latest nutritional supplement recommendations from the Age-Related Eye Disease Study 2 (AREDS 2). The National Institute of Health's National Eye Institute also conducted an AREDS 2 10-year follow-on study, presenting data confirming the product's persistent long-term benefit for helping to reduce the risk of progression in patients with moderate-to-advanced age-related macular generation. Because PreserVision AREDS 2 is based on the extensive data published in the AREDS, AREDS 2, and AREDS 2 10-year follow-on studies, Defendants believe the product is designed,

manufactured, marketed, and labeled with proper warnings, information, cautions, and instructions, in accordance with the best available scientific and technological knowledge.

Walgreens Boots Alliance, Inc. is a holding company and does not operate retail locations. Walgreen Co. operates retail locations and certain stores may sell PreserVision AREDS 2. The Walgreens Defendants generally deny any liability related to Ms. Raskin's use of the product, or her alleged injuries.

**3.  LEGAL ISSUES**

Plaintiffs allege negligence, strict products liability: design defect and/or failure to warn, negligent products liability: design defect and/or failure to warn, and loss of consortium against Defendants.

Defendants deny that they are liable to Plaintiffs under any theory of liability.

**4.  MOTIONS**

No motions are currently pending with the Court. The parties reserve the right to file appropriate motions, including dispositive motions, at a later stage.

**5.  AMENDMENT OF PLEADINGS**

The parties are investigating whether to bring in additional parties.

**6.  EVIDENCE PRESERVATION**

The parties state that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.  DISCLOSURES**

Pursuant to a mutual agreement to extend the deadline to exchange initial disclosures, the Parties exchanged initial disclosures on December 4, 2024.

**8.  DISCOVERY**

As of the filing of this Joint Case Management Statement, the Parties have yet to exchange initial written discovery demands.

**9.   CLASS ACTIONS**

There is a related class action filed by Plaintiffs' counsel in the United States District Court, Northern District of California, Case No. 3:24-cv-06442-AMO.

**10.   RELATED CASES**

There is a related class action filed by Plaintiffs' counsel in the United States District Court, Northern District of California, Case No. 3:24-cv-06442-AMO.

**11.   RELIEF**

Plaintiff Valerie Raskin seeks economic damages including past medical treatments, future medical care, loss of earnings and earnings capacity, loss of household services, and noneconomic damages. Plaintiff Neil Raskin seeks noneconomic damages for loss of consortium due to the injuries to his spouse, Plaintiff Valerie Raskin.

Defendants deny that Plaintiffs are entitled to any relief.  Defendants seek to be awarded judgement in this action, costs of the suit, and any further relief as this Court deems just and proper.

**12.   SETTLEMENT AND ADR**

There have not been any informal or formal settlement demands or offers to date. The parties have complied with ADR L.R. 3-5 by meeting and conferring regarding ADR and filing their respective ADR Certifications.

**13.   OTHER REFERENCES**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.   NARROWING OF ISSUES**

At this time, the parties are not requesting bifurcation of any issues, claims or defenses.

**15.   SCHEDULING**

After meeting and conferring, the Parties have reached agreement on case scheduling and propose the following separate schedules:

| Event | Proposed Deadline |
|---|---|
| Close of Fact Discovery | **Plaintiffs' Proposal:**<br>August 8, 2025 |

| | |
|---|---|
| | **Defendants' Proposal:**<br>December 5, 2025 |
| Plaintiffs' Rule 26(a)(2) Disclosure Deadline | **Plaintiffs' Proposal:**<br>September 26, 2025<br><br>**Defendants' Proposal:**<br>January 23, 2026 |
| Deadline to Depose Plaintiffs' Experts | **Plaintiffs' Proposal:**<br>January 30, 2026<br><br>**Defendants' Proposal:**<br>February 20, 2026 |
| Defendant's Rule 26(a)(2) Disclosure Deadline | **Plaintiffs' Proposal:**<br>September 26, 2025<br><br>**Defendants' Proposal:**<br>March 6, 2026 |
| Deadline to Depose Defendants' Experts | **Plaintiffs' Proposal:**<br>January 30, 2026<br><br>**Defendants' Proposal:**<br>April 3, 2026 |
| Close of Expert Discovery | **Plaintiffs' Proposal:**<br>January 30, 2026<br><br>**Defendants' Proposal:**<br>April 3, 2026 |
| Dispositive and *Daubert* Motion Deadline | **Plaintiffs' Proposal:**<br>October 24, 2025<br><br>**Defendants' Proposal:**<br>June 5, 2026 |
| Dispositive Motion Hearing Deadline | **Plaintiffs' Proposal:**<br>December 19, 2025<br><br>**Defendants' Proposal:**<br>July 31, 2026 |
| Pretrial Conference | **Plaintiffs' Proposal:**<br>February 9, 2026<br><br>**Defendants' Proposal:**<br>October 5, 2026 |
| Jury Trial | **Plaintiffs' Proposal:**<br>March 30, 2026<br><br>**Defendants' Proposal:**<br>November 2, 2026 |

16. **TRIAL**

The Parties request a jury trial, with an estimate of 14 days.

17. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

   A. **Plaintiffs' Statement**

   Plaintiffs certify that, aside from the named parties involved in this action, they are currently unaware of any non-party interested entities or persons with a financial or other interest in the outcome of the matter. However, because there is an ongoing action, Plaintiffs reserve the right to supplement this disclosure should additional interested entities or persons become known during the course of discovery.

   B. **Defendant's Statement**

   Bausch + Lomb states that following entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Bausch + Lomb Corporation and Bausch + Lomb Netherlands B.V.  Bausch + Lomb reserves the right to supplement this disclosure if additional interested entities or persons become known during the course of discovery.

   The Walgreens Defendants state that following entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Walgreens Boots Alliance, Inc. and Walgreen Co.  The Walgreens Defendants reserve the right to supplement this disclosure if additional interested entities or persons become known during the course of discovery.

18. **PROFESSIONAL CONDUCT**

   All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. **OTHER MATTERS**

   At this time, the Parties are unaware of any such other matters for the Court to consider.

   Jointly submitted,

Pursuant to Local Rule 5–1(i), the filer of this document attests that the other Signatory of this document has concurred with the filing of this document.

DATED: December 12, 2024          THE VEEN FIRM LLP

By: ___/s/ William T. Bandettini___
William T. Bandettini
Attorneys for Plaintiffs VALERIE RASKIN and NEIL RASKIN

DATED: December 12, 2024          SHOOK, HARDY & BACON L.L.P.

By: ___/s/ Alicia J. Donahue___
Alicia J. Donahue
Attorneys for Defendants BAUSCH & LOMB, INC.; WALGREENS; WALGREENS BOOTS ALLIANCE, INC